# Green & Willstatter
Attorneys at Law
200 Mamaroneck Avenue
Suite 403
White Plains, New York 10601

Theodore S. Green  
Richard D. Willstatter

(914) 948-5656  
Fax (914) 948-8730

e-mail: willstatter@msn.com

September 27, 2007

Hon. Stephen C. Robinson  
United States District Court  
300 Quarropas Street  
White Plains, NY 10601

    Re: United States v. Charles Ernest Dewar  
       07 Cr. 552 (SCR)  
       06 Cr. 311 (SCR)

Dear Judge Robinson:

  I represent Charles Ernest Dewar, the defendant, in connection with the passport fraud case, 07 Cr. 552 (SCR) which was transferred to this district for a plea. I respectfully submit this letter as a sentencing memorandum.

  Mr. Dewar was arrested in August 2005 by state authorities. He subsequently learned there was a federal charge pending against him in California. I was retained in December 2005 to attempt to move the California case to the Southern District of New York for a guilty plea. To this end, I successfully negotiated with prosecutors in the Southern District of California and this district for a Rule 20 disposition. When it became apparent that Mr. Dewar could not resolve the narcotics case in state court and that it would result in a federal indictment, we decided to wait until a settlement could be negotiated for both cases. Accordingly, the Court should understand that Mr. Dewar has been making efforts toward disposition for nearly two years.

  Mr. Dewar should receive an adjustment to his sentence to reflect the time he served in connection with the state court charges that ultimately resulted in the federal narcotics indictment. The defendant was arrested by the police in relation to the same incident that resulted in the 06 Cr. 311 (SCR) indictment. He was detained on those

charges at the Westchester County Jail from August 28, 2005 to April 6, 2006. The Court should adjust the federal sentence to reflect his service of this time, 221 days, pursuant to U.S.S.G. 5G1.3(b). *See United States v. Rivers*, 329 F.3d 119 (2d Cir. 2003); *Rosario v. United States*, 2004 U.S. Dist. LEXIS 3715 *16 (S.D.N.Y. March 9, 2004)("Under §5G1.3(b), if convictions arise from the same course of conduct, district courts may reduce the later sentence to account for the amount of time already served, on the prior, undischarged sentence, thus enabling the sentences to run concurrently and terminate at the same time. The purpose of § 5G1.3(b) is to ensure that petitioner is properly credited for the time served for the related crime."). Here, the state charges were apparently dismissed but the defendant served more than seven and one-third months on account of the same criminal transaction for which he was convicted in federal court. Whatever sentence the Court selects should be reduced by 221 days.

However, the government has indicated it believes the defendant can be credited by the BOP with time spent in state custody in this case pursuant to 18 U.S.C. § 3585(b). *See United States v. Payton*, 159 F.3d 49, 61-62 (2d Cir. 1998). There, the Circuit held:

> The United States Attorney General has the authority to determine the appropriate credit for time spent in "official detention" under § 3585(b) once a defendant has begun to serve his or her sentence. Specifically, § 3585(b) permits the Attorney General to award credit for time spent in state detention pending trial on subsequently dismissed state charges that arose out of the same incident for which the prisoner was convicted in federal court. The Attorney General delegated this authority to the Bureau of Prisons (BOP).

Id. at 61-62. (citations omitted). Accordingly, if the Court determines that Section 3585(b) will provide sufficient credit for the 221 days Dewar spent in state custody, it should enter the dates of the state court detention into the judgment and recommend to the BOP that the defendant be afforded this credit.

In determining what sentence is sufficient but not greater than necessary pursuant to 18 U.S.C. § 3553(a), the Court should be aware that, because Mr. Dewar is an alien, he will not be eligible for entry into a community corrections center or halfway house. He will likely be transferred from BOP custody directly to Homeland Security

pending deportation. We hope this additional period of detention by the government pending removal from the United States will be brief but cannot accurately predict how long he will be detained by ICE after he is released by the BOP.

     Mr. Dewar requests the Court recommend the defendant be admitted into the BOP's residential drug abuse program. The PSR, ¶68, shows he has such problems and could benefit from participation in this program.

                              Very truly yours,

                              RICHARD D. WILLSTATTER

cc:    Brent Wible, Esq.
       Kerry Lawrence, Esq.